IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS LUEVANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0375 |
| | § | |
| COLONIAL PIPELINE COMPANY and | § | |
| BURNS & MCDONNELL, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jesus Luevano ("Plaintiff") sued defendants Colonial Pipeline Company ("Colonial") and Burns & McDonnell, Inc. ("B&M") for negligence after he was injured while working at Colonial's petrochemical tank farm. Pending before the court is Defendant Colonial Pipeline Company's Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction and Improper Venue ("Colonial's Motion to Dismiss") (Docket Entry No. 8). For the reasons explained below, Colonial's Motion to Dismiss will be granted.

### I. Factual and Procedural Background

Colonial contracted with B&M to construct a tank at Colonial's tank farm in Baton Rouge, Louisiana.[1] B&M subcontracted with Plaintiff's employer, Advanced Tank and Construction ("ATC"), to

---

[1]See Complaint and Jury Demand ("Complaint"), Docket Entry No. 1, p. 4 ¶¶ 13-14.

construct the tank.[2] Plaintiff alleges that he was injured while working on the tank construction project as a result of Colonial and B&M's negligence.[3]

Plaintiff is a Texas resident.[4] Colonial is a Delaware company with it's principal place of business in Georgia.[5] B&M is a Kansas corporation with it's principal place of business in Missouri.[6] Plaintiff filed this action on February 4, 2019.[7] Colonial responded by filing its Motion to Dismiss.[8] Plaintiff responded to Colonial's Motion to Dismiss and requested leave to amend his complaint after taking jurisdictional discovery.[9] On April 4, 2019, the court granted Plaintiff's request to take jurisdiction discovery and allowed Plaintiff to file an amended Complaint by June 14, 2019.[10] The court modified the deadline for

---

[2]See id.; Defendant Colonial Pipeline Company's Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Colonial's Brief"), Docket Entry No. 9, p. 1.

[3]See Complaint, Docket Entry No. 1., pp. 4-5 ¶¶ 15-19.

[4]See id. at 1 ¶ 1.

[5]See id. at 1 ¶ 2.

[6]See id. at 1 ¶ 3.

[7]See id. at 2 ¶¶ 4-7.

[8]See Colonial's Motion to Dismiss, Docket Entry No. 8.

[9]See Plaintiff's Response to Defendant Colonial's Motion to Dismiss and Cross-Motion for Leave to Amend Pleadings and Take Jurisdictional Discovery ("Plaintiff's Response"), Docket Entry No. 11, p. 14.

[10]See Order [April 4, 2019], Docket Entry No. 15.

Plaintiff to submit his amended complaint to July 3, 2019, in a subsequent order.[11] Plaintiff has not filed an amended complaint.

## II.  **Standard of Review**

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2).  When a foreign defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff 'bears the burden of establishing the district court's jurisdiction over the defendant.'"  Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 343 (5th Cir. 2002), cert. denied, 124 S. Ct. 66 (2003) (quoting Mink v. AAAA Development LLC, 190 F.3d 333, 335 (5th Cir. 1999)).  "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper.'"  Id. at 343-44 (quoting Wilson v. Belin, 20 F.3d 644, 648 (5th Cir.), cert. denied, 115 S. Ct. 322 (1994)).  "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'"  Id. at 344 (quoting Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985)).

---

[11]See Order Granting Plaintiff's Motion [June 4, 2019], Docket Entry No. 21.

The court must accept as true the uncontroverted allegations in Plaintiff's Complaint and must resolve any factual conflicts in favor of Plaintiff.  See Guidry v. United States Tobacco Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999).  However, the court is not obligated to credit conclusory allegations, even if uncontroverted. Panda Brandywine Corp. v. Potomac Electric Power Co., 253 F.3d 865, 869 (5th Cir. 2001).  "Absent any dispute as to the relevant facts, the issue of whether personal jurisdiction may be exercised over a nonresident defendant is a question of law. . . ."  Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 418 (5th Cir. 1993).

### III.  Analysis

**A.  Applicable Law**

The court may exercise personal jurisdiction over a nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment."  McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S. Ct. 68 (2010). Since the Texas long-arm statute extends as far as constitutional due process allows, the court considers only the second step of the inquiry.  Id.

Exercise of personal jurisdiction over a nonresident defendant comports with federal due process guarantees when the nonresident

defendant has established minimum contacts with the forum state, and the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" <u>International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement,</u> 66 S. Ct. 154, 158 (1945) (quoting <u>Milliken v. Meyer,</u> 61 S. Ct. 339, 343 (1940)). A plaintiff satisfying these requirements raises a presumption that exercise of jurisdiction over the defendant is reasonable, and the burden shifts to the defendants to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." <u>Burger King Corp. v. Rudzewicz,</u> 105 S. Ct. 2174, 2185 (1985). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that [he] 'reasonably anticipate[d] being haled into court'" in the forum. <u>McFadin,</u> 587 F.3d at 759. "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." <u>Lewis v. Fresne,</u> 252 F.3d 352, 358 (5th Cir. 2001).

1.   <u>General Jurisdiction</u>

A court may exercise general jurisdiction over non-resident defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." <u>Goodyear Dunlop Tires Operations, S.A. v. Brown,</u> 131 S. Ct. 2846, 2851 (2011). General personal jurisdiction

grants the court jurisdiction over "any claim against [a] defendant, even if all the incidents underlying the claim occurred in a different State." Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, 137 S. Ct. 1773, 1780 (2017) (emphasis in the original). "Establishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'" Sangha v. Navig8 ShipManagement Private Limited, 882 F.3d 96, 101-02 (5th Cir. 2018) (quoting Johnston v. Multidata Systems International Corp., 523 F.3d 602, 609 (5th Cir. 2008)). Vague allegations "that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." Johnston, 523 F.3d at 610. Only in "exceptional case[s]" will "a corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . render the corporation at home in that State." See Daimler AG v. Bauman, 134 S. Ct. 746, 761 n.19 (2014).

### 2. Specific Jurisdiction

A court may exercise specific jurisdiction when the alleged injuries arise from or are directly related to the non-resident defendant's contacts with the forum state. Gundle Lining Construction Corp. v. Adams County Asphalt, Inc., 85 F.3d 201, 205 (5th Cir. 1996) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S. Ct. 1868, 1872 n.8 (1984)); Quick Technologies, 313 F.3d at 344. To determine whether specific jurisdiction exists,

the court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." Gundle Lining, 85 F.3d at 205. Even a single contact can support specific jurisdiction if the defendant "'purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Burger King, 105 S. Ct. at 2183. "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." Ruston Gas, 9 F.3d at 419 (citing World-Wide Volkswagen Corp. v. Woodson, 100 S. Ct. 559, 567 (1980)).

There are three parts to a purposeful availment inquiry. First, only the defendant's contacts with the forum are relevant, not the unilateral activity of the plaintiff or a third party. Sangha, 882 F.3d at 103 (citing Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.")). Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated. Id. (citing Walden, 134 S. Ct. at 1123). Lastly, the defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction. Burger King, 105 S. Ct. at 2183.

A defendant may avoid being haled into court in a particular forum by not conducting business there. See Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 575 (Tex. 2007) (citing Burger King, 105 S. Ct. at 2181-85). Since specific jurisdiction is claim specific, a plaintiff bringing multiple claims that arise out of different contacts of the defendant with the forum must establish specific personal jurisdiction for each claim. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 274 (5th Cir. 2006).

## B.    Application

Plaintiff alleges that the court has both general and specific jurisdiction over Colonial.[12] Colonial disagrees, arguing that its contacts with Texas are not sufficient to give rise to general or specific jurisdiction in this action.[13]

### 1.    General Jurisdiction Over Colonial

Colonial lacks the "continuous and systematic" contacts with Texas required for the exercise of general jurisdiction. Colonial is not incorporated in Texas, nor does it have it's principal place of business in Texas. Plaintiff argues that Colonial has "maintained a continuous physical presence" by keeping in Texas

---

[12]See Complaint, Docket Entry No. 1, pp. 2-3 ¶¶ 8-9 (alleging both that Colonial has "systematic [and] ongoing" contacts with Texas and that Colonial "purposefully availed itself to business dealings" in Texas).

[13]See Colonial's Brief, Docket Entry No. 9, p. 3.

permanent offices, employees, and its pipeline."[14] Colonial is also registered to transact business in Texas with the Texas Secretary of State and maintains a permanent registered agent in Texas.[15] But these contacts are insufficient to render Colonial "essentially at home" in Texas. Colonial does business in many states[16] and "can scarcely be deemed at home in all of them." See Daimler, 134 S. Ct. at 762 n.20. There is no evidence that this is an "exceptional case" where exercise of general jurisdiction is appropriate despite Colonial being incorporated and maintaining its principal place of business elsewhere. Plaintiff has therefore failed to make a prima facie showing that this court has general jurisdiction over Colonial.

### 2. Specific Jurisdiction Over Colonial

Plaintiff alleges that his injuries "arise from or are directly related to" Colonial's contacts with Texas because Colonial retained ATC and B&M in Houston to perform services at the tank farm in Louisiana.[17] Colonial disputes Plaintiff's allegations, arguing that Colonial has no direct relationship with ATC and that

---

[14]See Plaintiff's Response, Docket Entry No. 11, p. 3.

[15]See id. at 4.

[16]According to Colonial's website, Colonial Pipeline begins in Houston, Texas, and ends in Linden, New Jersey, traversing 11 other states along the way. See System Map, https://www.colpipe.com/about-us/our-company/system-map. Colonial's website also advertises career opportunities in a number of different states along the pipeline. See Careers, https://www.colpipe.com/careers/career-opportunities.

[17]See id. at 6-8.

ATC was retained as a direct subcontractor by B&M.[18]  There are no allegations in Plaintiff's Complaint that ATC was retained in Texas or that Colonial was responsible for hiring ATC for the tank construction project.  Nor has Plaintiff provided any evidence that a contract exists between Colonial and ATC or that Colonial had any purposeful contact with ATC in Texas.

There is no indication that Colonial's business activity in Texas has anything to do with this action.  Plaintiff's negligence and gross negligence claims against Colonial are based on acts and omissions that occurred in Louisiana during and leading up to Plaintiff's accident in Louisiana:  specifically, Colonial's failure to oversee the safety of the work area, failure to oversee B&M's work, and failure to meet standards of care for the construction industry, among other allegations.[19]  This action's only connection to Texas is that Plaintiff is a Texas resident.  Because this action does not "arise out of or relate to" Colonial's contacts with Texas, Plaintiff has failed to make a prima facie showing that this court has specific jurisdiction over Colonial.

## IV.  Conclusion and Order

For the reasons explained above, this court lacks both specific and general jurisdiction over Colonial.  This court is

---

[18]See Defendant Colonial Pipeline Company's Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, Docket Entry No. 14. p. 2.

[19]See Complaint, Docket Entry No. 1, p. 5 ¶ 20.

also an improper venue for resolution of Plaintiff's claims against Colonial because Colonial does not reside in Texas, no part of the events or omissions giving rise to Plaintiff's claims against Colonial occurred in Texas, and this court lacks personal jurisdiction over Colonial. See 28 U.S.C. § 1391(b). Defendant Colonial Pipeline Company's Motion to Dismiss Plaintiff's Claims for Lack of Personal Jurisdiction and Improper Venue (Docket Entry No. 8) is **GRANTED**. Plaintiff's claims against Colonial are **DISMISSED WITHOUT PREJUDICE.**

**SIGNED** at Houston, Texas, on this the 19th day of July, 2019.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE